UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
ANTHONY BIRMINGHAM,

Plaintiff,

-against-

RAYMOND KELLY P.C., CHRISTOPHER
MANDERS, *Shield # 22733 of the 75th Precinct
N.Y.P.D.*, MADISON SECURITY COMP.,
ANTHONY WHITE, M.S.C. EMPLOYEE, and
OWNER OF LINDEN PLAZA,

Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 11 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-CV-2965 **(NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 20, 2011, Plaintiff Anthony Birmingham ("Birmingham"), pro se, filed a Complaint against the above-captioned Defendants stemming from their involvement in his arrest at an unknown date. (Compl. (Docket Entry # 1).) Birmingham seeks in forma pauperis status under 28 U.S.C. § 1915. (Docket Entry # 2.) For the reasons set forth below, Birmingham's Complaint is dismissed in part, and the court directs Birmingham to file an Amended Complaint.

I. **BACKGROUND**

Birmingham's statement of his claim, in its entirety, reads as follows:

> While sitting in his vehicle in the parking lot facility of where he resides, with Elisia, Mr. Birmingham was taken by Anthony White, Madison Security Guard, to the security office along with the female. Allegedly Mr. White observed them conducting in a sexual manner in the parking lot. Plaintiff was arrested August 21, 2010 by officer Christopher Manders of the 75th precinct, shield # 22733, who was then later released by the courts.
>
> The following alleged allegations were dismissed.
>
> - False allegations: in which Madison Security Comp. is responsible for.
> - False arrest: in which 75th precinct is responsible for.

1

- Illegally detained: in which 75th precinct is responsible for.
- Deformation of character: in which both parties are responsible for.
- Punitive damage: in which both parties are held responsible for.

Plaintiff seeks $500,000 for N.Y.P.D. and 500,000 from Linden Plaza. Plaintiff also seeks $5,000,0000 from the following Madison Security Comp.

(Compl. at 2-3.)

## II. LEGAL STANDARD

An in forma pauperis action shall be dismissed where a plaintiff's "allegation of poverty is untrue" or where the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Where a plaintiff proceeds pro se, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Application of a liberal pro se pleading standard is particularly important in cases such as this one, in which the plaintiff alleges a violation of his or her civil rights. See Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d at 191 (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

## III. DISCUSSION

### A. False Allegation and Defamation Claims

Birmingham brings defamation claims against Defendants Raymond Kelly ("Kelly"), the New York City Police Commissioner, and Christopher Manders ("Manders"), a New York City Police Officer with the 75th Precinct. (Compl. at 2.) Under Barr v. Mateo, 360 U.S. 564, 573-74 (1959), executive officers are absolutely immune from defamation claims arising from acts performed in their official duties. This includes defamation claims surrounding an allegedly false arrest by police officers. White v. Frank, 855 F.2d 956, 958-60 (2d Cir. 1988); Dale v. Bartels, 732 F.2d 278, 284 n.8 (2d Cir. 1984). Therefore, Birmingham's defamation claim

2

against Kelly and Manders fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(ii), and is dismissed.

Birmingham also brings false allegation and defamation claims against a number of private actors: Defendants Madison Security Comp. ("Madison Security"), Anthony White ("White"), and Owner of Linden Plaza ("Linden Plaza") (collectively, the "Security Defendants"). (Compl. at 2.) Analogously, private individuals are qualifiedly immune, under New York law, for actions stemming from the reporting of a crime. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 409-10 (2d Cir. 2000) ("Good faith communications of a party having an interest in the subject, or a moral or societal duty to speak, are protected by a qualified privilege if made to a party having a corresponding interest or duty. . . . Reporting crime to a police officer easily falls within the scope of the privilege.") (internal citations and punctuation omitted). Where a plaintiff alleges that private defendants defamed him by falsely reporting the plaintiff's involvement in a crime, the court must use the burden-shifting framework described in Boyd v. Nationwide Mutual Insurance Co. to resolve those claims:

> The qualified privilege creates a rebuttable presumption of good faith that may constitute a complete defense. In order to overcome a qualified privilege, plaintiff must demonstrate that defendant's statement was false. . . . and that defendant abused the privilege by [either] acting beyond the scope of the privilege, acting with common law malice, or acting with knowledge that the statement was false or with a reckless disregard as to its truth. . . .
>
> First, acting beyond the scope of the privilege occurs where a defendant does not exercise the privilege in a reasonable manner, abuses the occasion, or makes the statement "in furtherance of an improper purpose.
>
> Second, common law malice focuses on defendant's personal spite or ill-will.
>
> The third form of abuse, reckless disregard for truth, is also known as acting with malice in the constitutional sense. Constitutional malice requires either a high degree of awareness of the statement's probable falsity or serious doubts as to its truth. A defendant's failure to investigate alone does not permit a finding of constitutional malice, even if a prudent person would have investigated.

3

Id. at 410 (internal citations and alterations omitted; paragraph breaks altered). Although Birmingham's allegations imply that the Security Defendants falsely reported him to police, nothing in Birmingham's Complaint suggests that the Security Defendants did so beyond the scope of the crime-reporting privilege, with personal spite or ill-will, or with a reckless disregard for the truth.

Rather than dismiss Birmingham's false allegation and defamation claims against the Security Defendants, the court will allow Birmingham leave to amend his Complaint to include specific, factual allegations as to whether and how the Security Defendants' conduct met the standard described above. See Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) ("Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." (internal citations and punctuation omitted)).

### B. False Arrest and Illegal Detention Claims

Until Birmingham provides the court with an Amended Complaint, as discussed above, the court reserves decision on whether Birmingham's false arrest and illegal detention claims against Kelly and Manders suffice under 28 U.S.C. § 1915.

### IV. CONCLUSION

Plaintiff's defamation claim against Defendants Raymond Kelly P.C. and Christopher Manders is DISMISSED under 28 U.S.C. § 1915(e)(2)(ii). Plaintiff shall file an Amended Complaint within thirty days of the date of this order setting forth the specific, factual bases for his defamation claim against Defendants Madison Security Comp., Anthony White, and Owner of Linden Plaza. The court reserves decision as to whether Plaintiff's remaining claims are

4

sufficient under 28 U.S.C. § 1915. The court directs the Clerk of Court to mail a copy of this

Memorandum & Order to Plaintiff.

SO ORDERED.

                                                                          s/Nicholas G. Garaufis

Dated: Brooklyn, New York                        NICHOLAS G. GARAUFIS
       July 7, 2011                                          United States District Judge